990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Parrish Martin DOUGLAS, Defendant-Appellant.
 No. 92-50492.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided April 1, 1993.
 
 Before CHOY, GOODWIN and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Parrish Martin Douglas appeals his sentence imposed under the Sentencing Guidelines, following his guilty plea to possession of an unregistered firearm. He contends that the district court erred by not granting a downward adjustment of his offense level for acceptance of responsibility. We reject his contention and affirm.
 
 
 3
 The Sentencing Guidelines provide for a two-level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a) (1991). Douglas advances three reasons why he should have received a reduction for acceptance for responsibility: (1) he pleaded guilty; (2) he agreed with the stipulated statement of facts in the plea agreement; and (3) he submitted a letter to the court accepting full responsibility for his actions.
 
 
 4
 A defendant who pleads guilty does not automatically receive the two level reduction. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991); U.S.S.G. § 3E1.1, comment. (n. 3). It is not clearly erroneous to deny the reduction when the defendant admits criminal behavior but does not exhibit sincere remorse or contrition for having committed the crime. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992).
 
 
 5
 The district court agreed with the probation officer's report that Douglas had not demonstrated sincere acceptance of responsibility for the crime. At the time of his arrest, Douglas indicated that he never had a gun and explained that he ran because "everyone else ran." The probation officer reported that Douglas "essentially said nothing about his conduct and his attitude throughout the 'discussion' of this offense and did not demonstrate any degree of remorse. In fact, he never expressed any remorse for his behavior." In his letter to the court, Douglas said that he knew "it was wrong for me to have that gun and I have accepted responsibility for my action by me being a[n] ex-gang member." The court is free to discount a defendant's belated expression of remorse and repentance. United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). We conclude that the district court's finding that Douglas had not accepted responsibility for his crime was not clearly erroneous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3