8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Royal STOUT, Defendant-Appellant.
 No. 92-10228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Sept. 20, 1993.
 
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Royal Stout appeals his conviction by guilty plea and sentence imposed under the Sentencing Guidelines, for aiding and abetting and manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 3
 Stout pled guilty to Count One as charged in a Superseding Indictment. He claims that the Superseding Indictment was a "constructive amendment" and charged a conspiracy different from the conspiracy charged in the original indictment. By pleading guilty, Stout waived his right to challenge the indictment. See United States v. Cortez, 973 F.2d 764, 766-67 (9th Cir.1992); United States v. Montilla, 870 F.2d 549, 552-53 (9th Cir.1989), as amended, 907 F.2d 115 (9th Cir.1990). The Superseding Indictment is not facially flawed, and the record at the time of the plea did not contain the evidence Stout now alleges. Resolution of Stout's claim would have required an evidentiary hearing. His decision to plead guilty foreclosed appeal of his claim. Montilla, 870 F.2d at 552. Stout also waived his right to a jury trial and his right to challenge any allegedly unconstitutional search or seizure when he pled guilty. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990); see also Boykin v. Alabama, 395 U.S. 238, 243 (1969) (state court plea); United States v. Broce, 488 U.S. 563, 569 (1989).
 
 
 4
 Stout now argues that his plea was not voluntary because he was on medication at the time the plea was entered. However, nothing in the record indicates that Stout was on medication at that time or that his plea was anything but voluntary. When questioned by the court, he stated that he was not under a doctor's care or suffering from any illness affecting his ability to make decisions. His claim fails.
 
 
 5
 Stout also claims that his counsel was ineffective. Such claims may be raised on direct appeal when the record is sufficiently developed to permit the reviewing court to resolve the issue or when the assistance is so inadequate that it obviously interferes with a defendant's Sixth Amendment right to counsel. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). However, a habeas proceeding permits the defendant to develop a record of "what counsel did, why it was done, and what, if any, prejudice resulted." Id. (citations omitted). The record is not sufficiently developed for a review of the effectiveness of counsel's assistance to Stout.
 
 
 6
 The Government concedes that Stout's sentence should be vacated and remanded to the district court for resentencing. The district court did not comply strictly with the requirements of Rule 32. First, Stout claims that he was prejudiced by the court's failure to inquire as to whether he had received and reviewed the report, which contained errors. One of the grounds of his claim of ineffective assistance of counsel is that his attorney did not provide him with the presentence report. Rule 32(a)(1)(A) requires that the court determine whether or not the defendant and his counsel have had the opportunity to read and discuss the report. United States v. Sustaita, Nos. 91-10495, 91-10582, slip opinion (9th Cir. August 10, 1993). The record does not indicate that Stout had read the report. Moreover, Stout's counsel at sentencing did not object to the errors asserted on appeal. The court's compliance with Rule 32(a)(1)(C) does not cure the potential prejudice caused by failure to comply with Rule 32(a)(1)(A). As in Sustaita, if Stout had been given an opportunity to read or discuss the presentence report, he could have tried to contradict the report's factual finding that Stout played a managerial role under U.S.S.G. § 3B1.1, which was the basis of a four-level increase in base offense level.
 
 
 7
 Mistakes also exist in the calculation of Stout's base offense level and his criminal history category. In converting the methamphetamine to a cocaine equivalency, the Probation Officer used 37 kilograms of methamphetamine potential from ephedrine. In fact, the methamphetamine potential from ephedrine was 37 pounds, or 16.8 kilograms. When doubled under the Guidelines, the error resulted in an increase of two levels.
 
 
 8
 Stout's criminal history was overstated because the presentence report scored two of his prior state court convictions separately, pursuant to United States v. Gross, 897 F.2d 414 (9th Cir.1990). Gross was subsequently overruled, and now all prosecutions combined for trial or sentencing count as a single conviction for purposes of calculating criminal history. United States v. Smith, 991 F.2d 1468, 1473 (9th Cir.1993). As a result, Stout's criminal history would fall in Category III.
 
 
 9
 If Stout were to succeed in establishing that the Government had not proved by a preponderance of the evidence that Stout played a managerial role, see United States v. Howard, 894 F.2d 1085, 1089-90 (9th Cir.1990), then, including the corrections in criminal history category and in quantity of methamphetamine, his sentencing range for offense level 34 could be 188-235 months. His original range was 360 months to life, and he received the statutory maximum of 240 months.
 
 
 10
 The conviction is AFFIRMED and the case is REMANDED for RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3