9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Samuel REYES, Defendant-Appellant.
 No. 92-50728.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Samuel Reyes appeals his 235-month sentence imposed following entry of guilty pleas to conspiracy to launder money and to fail to report export of monetary instruments in violation of 18 U.S.C. §§ 371, 1956, conspiracy to aid and abet the possession and distribution of cocaine in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 846, 841, money laundering in violation of 18 U.S.C. § 1956(a)(1)(B) and (2)(b), and failure to report export of monetary instruments in violation of 31 U.S.C. §§ 5316(a)(1)(A), 5322. Reyes contends the district court erred by denying him a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for clear error the district court's factual determination that Reyes did not accept responsibility for his offenses. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam).
 
 
 4
 U.S.S.G. § 3E1.1 provides for a downward adjustment in the base offense level if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his criminal conduct. A defendant is not guaranteed a reduction under section 3E1.1 merely because he enters a guilty plea. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). A defendant must affirmatively display "sincere contrition" for the offense of conviction, id., and the district court may deny the adjustment to a defendant who minimizes the extent of his involvement in that offense, United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 5
 Reyes misreads the record when he argues that the district court denied him the adjustment solely because he chose to go to trial on a narcotics count in order to preserve for appeal a strictly legal issue unrelated to his guilt or innocence. The record clearly reveals that this was not the basis for the district court's decision. At sentencing, the district court noted that Reyes "did not clearly indicate his involvement in the offense," stating at his guilty plea hearing only a factual basis minimally sufficient to sustain his guilty plea. It was this minimization of his involvement in the offenses of conviction which resulted in the denial of the adjustment.
 
 
 6
 When entering his guilty pleas, Reyes admitted only that he should have known that the money he was laundering or arranging to have laundered was being sent to Columbia to aid drug trafficking and "a reasonable person in his situation should have known ... that the only probable source of those funds was narcotics trafficking." Reyes also declined to speak with the probation officer. In contrast to Reyes' statements indicating lack of knowledge of the drug trafficking conspiracy, testimony adduced at the trial on the narcotics count revealed Reyes' personal knowledge that the money he sent to Columbia was used to procure drugs for sale in the United States. Additionally, the Presentence Report indicated that Reyes was considered to be upper-level management in a Columbian drug cartel.
 
 
 7
 In light of this evidence, we hold that the district court did not clearly err by concluding that Reyes had minimized the extent of his involvement in the offenses and therefore failed to accept responsibility for the offense and conviction. See Corley, 909 F.2d at 362.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3