24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward FLEMING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Michael HOUSTON, Defendant-Appellant.
 Nos. 93-50105, 93-50135.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1994.*
Decided May 17, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 A grand jury indicted Houston and Fleming for: 1) conspiracy to distribute 2 pounds of methamphetamine, 21 U.S.C. Sec. 846; 2) possession with intent to distribute 427 grams of pure methamphetamine, 21 U.S.C. Sec. 841(a)(1); and 3) carrying a semi-automatic handgun during a drug trafficking crime, 18 U.S.C. Sec. 924(c). After a jury trial, Fleming was convicted of counts 1 and 2, and Houston was convicted of all three counts. Fleming and Houston appeal.
 
 
 4
 * DENIAL OF THE CONTINUANCE
 
 
 5
 At the conclusion of the Government's cases-in-chief, defendants motioned for a brief continuance in order to procure four witnesses who would testify concerning the confidential informant's credibility: two Riverside Police Officers, Gordon Hadden, and Paul Ortiz. The court denied the motion. Appellants argue the court's denial of the mid-trial continuance was an abuse of discretion.
 
 
 6
 "The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of discretion." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), modified, 764 F.2d 675 (9th Cir.1985); accord United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990); United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). "We do not find a clear abuse of discretion unless, after carefully evaluating all the relevant factors, we conclude that the denial was arbitrary or unreasonable." Flynt, 756 F.2d at 1358; accord Shirley, 884 F.2d at 1134.
 
 
 7
 "In determining whether the district court has acted in an arbitrary or unreasonable manner, [a court] consider[§ four] relevant factors together, evaluating the extent of the appellant's showing on each one." Flynt, 756 F.2d at 1359. The factors are: 1) "the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing," 2) the likelihood "that the need for a continuance could have been met if the continuance had been granted," 3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses," and 4) "the extent to which the appellant might have suffered harm as a result of the district court's denial." Id. The weight attributed "to any single factor may vary with the extent of the showings on the other factors. However, in order to obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request." Id.
 
 
 8
 Appellants have not shown sufficient diligence to demonstrate an abuse of discretion. Defendants were indicted at the end of August 1992, and knew the case involved a confidential informant ("CI") as early as September 21, 1992, when Houston's attorney filed a motion to disclose the CI's identity. On October 21, 1992 Houston's attorney withdrew the motion, apparently because the prosecutor agreed to send her information concerning the CI's identity if she would withdraw her motion. Appellants suggest the prosecution did not comply with this request, though the prosecution claims she did send the information. Although the government appears to have dragged its feet, defendants' attorneys should have been more diligent in procuring information about the CI.
 
 
 9
 If the continuance had been granted, its usefulness probably would not have been met. Although the police officers had been contacted, it is unclear whether they were properly served the subpoenas and, even if the court ordered them to appear, whether they could have appeared in court on such short notice. It is also unlikely that Ortiz could have been brought into court in a timely fashion, because no one knew where he was. See United States v. Hoyos, 573 F.2d 1111, 1114 (9th Cir.1978). Finally, it would have taken some time for Hadden to get to court because he was in custody in Chino and the government would had to have transported him to Los Angeles for the trial.
 
 
 10
 Granting the continuance would have caused great inconvenience because the prosecution already presented its cases-in-chief. It would have taken an unspecified amount of time to procure the witnesses' presence, during which time the jury, the court and the opposition would have to wait.
 
 
 11
 Moreover, appellants have not shown that denial of the continuance prejudiced defendants. On direct examination, Ross, the CI, admitted she recently had been arrested. She also admitted she had been convicted of embezzling from her employers, and that she agreed to a civil compromise in order to get out of another previous charge. Defense counsel raised the issue of Ross's failure to pay her utilities with money the police gave her for that purpose. Although the proffered testimony may have better established Ross's criminal history, much of it would not have been admissible under Federal Rule of Evidence 608(b). See United States v. Noti, 731 F.2d 610, 612-13 (9th Cir.1984). Because the court's denial of the continuance did not prejudice defendants, reversal would be improper.
 
 II
 METHAMPHETAMINE CALCULATION
 
 12
 Fleming argues the district court erred in calculating his sentence because it did not make a factual determination concerning the type of methamphetamine in question. At the sentencing hearing, the court gave Fleming's attorney an opportunity to call factual errors to the court's attention. Fleming's attorney made no objections. Because this question involves a factual determination that Fleming did not raise before the district court, it is not preserved for review. See United States v. Kelly, 993 F.2d 702, 704 (9th Cir.1993); United States v. Belden, 957 F.2d 671, 674 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 III
 CAREER OFFENDER GUIDELINE
 
 13
 Houston admits he was properly classified as a career offender, see United States Sentencing Commission, Guideline Manual Sec. 4B1.1 (Nov. 1992) (hereinafter "U.S.S.G."), but argues the career offender guidelines, as applied to him, are unconstitutional. Houston did not raise this issue before the district court, so we review for plain error. Kelly, 993 F.2d at 705.
 
 
 14
 Houston bases his argument on United States v. Spencer, 817 F.Supp. 176, 177 (D.D.C.1993), a case easily distinguished from the instant case. Houston was arrested for possession with intent to distribute over 400 grams of pure methamphetamine. His prior felony convictions were for residential burglary, first degree burglary, and possession of a firearm by a felon. Thus, Houston's 360-month sentence is not disproportionate to his crimes. See Solem v. Helm, 463 U.S. 277 (1983); United States v. Bland, 961 F.2d 123, 129 (9th Cir.) ("the eighth amendment forbids only extreme sentences that are grossly disproportionate to the crime"), cert. denied, 113 S.Ct. 170 (1992); United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990) ("Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds."), cert denied, 111 S.Ct. 1119 (1991). The district court did not commit plain error.
 
 IV
 ACCEPTANCE OF RESPONSIBILITY
 
 15
 Houston argues the district court should have given him a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. "Whether a defendant has accepted responsibility for a crime is a question of fact which this court reviews for clear error. The district court's determination will not be disturbed unless it is without foundation." United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991) (internal quotations omitted); see also United States v. Daly, 974 F.2d 1215, 1216 (9th Cir.1992); United States v. Sanchez, 908 F.2d 1443, 1450 (9th Cir.1990).
 
 
 16
 Although a defendant who chooses to go to trial is still eligible for the two-level reduction for acceptance of responsibility, a "defendant who maintains her innocence at trial and then purports to accept responsibility afterward may have a difficult time persuading the trial judge that her later position is sincere rather than merely convenient." Sanchez, 908 F.2d at 1451 (internal quotations omitted). Houston argues he affirmatively accepted responsibility by expressing regret to a psychologist after the trial. He also claims he tried to discuss the offense with the probation officer, but was unable to arrange an interview at which both he and his attorney could be present. However, Houston did not avail himself of other means of accepting responsibility, such as submitting a letter to the court before sentencing, or addressing the court at the sentencing hearing. Because there is little evidence that Houston accepted responsibility, even after his conviction, the district court's conclusion was not clearly erroneous.
 
 
 17
 We AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Spencer M. Williams, Senior District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3