**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Scott DALY, Defendant–
Appellant.**

**No. 91–50242.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1992.

Decided Sept. 11, 1992.

Michaela C. Curran, San Diego, Cal., for defendant-appellant.

Larry A. Burns, Asst. U.S. Atty., San Diego, Cal., argued (Bruce R. Castetter, Asst. U.S. Atty., on the brief), for plaintiff-appellee.

Before: BROWNING and FARRIS, Circuit Judges, and CAULFIELD, District Judge.*

PER CURIAM:

James Daly was convicted as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to a term enhanced under 18 U.S.C. § 924(e)(1). During trial, the district court admitted evidence that Daly had an eleven hour shoot-out with San Diego police officers. Daly challenges the court's decision to admit this evidence. Daly also claims he was improperly sentenced as a career offender under the federal sentencing guidelines. Additionally, Daly challenges the prosecutor's decision to exclude two minority jurors from the panel. Finally, he asserts a claim of ineffective assistance of counsel at trial.

A. *Admissibility of Shoot–Out Evidence*

Daly argues that he was prejudiced by the district court's order admitting evidence surrounding the circumstances of the shoot-out. Specifically, he contends that this evidence was irrelevant to being a felon in possession of a firearm, the charge for which he was tried. He also argues that the probative value of the evidence is outweighed by its prejudicial nature. We review the district court's decisions regard-

---

* The Honorable Barbara A. Caulfield, District Judge for the Northern District of California, sitting by designation.

ing relevance and prejudice for abuse of discretion. *United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir.1989).

Daly contends that, in order to prosecute him for being a felon in possession of a firearm, the government need only show that he was a convicted felon in possession of a firearm, and that he surrendered after eleven hours of surveillance when police fired tear gas into the room. We have repeatedly rejected such arguments. The prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon:

> A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.

*United States v. Moore*, 735 F.2d 289, 292 (8th Cir.1984). *See also United States v. Dunn*, 946 F.2d 615, 617 (9th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991).

When a defendant is prosecuted for being a felon in possession of a firearm, evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted. *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2273, 114 L.Ed.2d 724 (1991). Specific evidence regarding the shoot-out was necessary to put Daly's illegal conduct into context and to rebut his claims of self-defense. The shoot-out evidence was sufficiently intertwined with the evidence regarding the possession charge.

Daly next argues that, under Fed. R.Evid. 403, the court failed to adequately balance the probative value of the evidence against the potential for unfair prejudice. The argument is meritless. The district court need not recite the Rule 403 test when balancing the probative value of evidence against its potential for unfair prejudice. We must affirm if the record, as a whole, indicates that the court properly balanced the evidence. *United States v. Morris*, 827 F.2d 1348, 1350 (9th Cir.1987), *cert.*

*denied*, 484 U.S. 1017, 108 S.Ct. 726, 98 L.Ed.2d 675 (1988).

The record indicates that the district court conducted a proper balancing inquiry. Daly filed a pretrial motion *in limine* attacking the shoot-out evidence under Rule 403. The court considered his moving papers and arguments, as well as those presented by the government. Additionally, statements made by the court in denying the motion indicate that the proper balancing inquiry occurred. For example, the court stated:

> Well, Mr. Lanahan, I surely agree with you. The evidence is prejudicial to your client. There is no question about that. But it's also, in my view, probative on the issue that the government has to prove in this case.... [T]he fact that somebody fired four shots through the door and he was apparently the only one in the room and that there was [sic] apparently additional shots fired later in the evening, without getting into all of the particulars, I think, again, are relevant to the issue of possession.

The authorities relied upon by Daly do not support his position. In *United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir. 1978), we ruled that the district court erred when it permitted the prosecution to introduce evidence of constitutionally-protected conduct. Daly's reliance on *United States v. Figueroa*, 618 F.2d 934 (2d Cir.1980), is also misplaced. The *Figueroa* court overturned the conviction because the district court improperly permitted the introduction of evidence concerning defendant's prior unrelated criminal activity. *Id.* at 938–39.

**B. *Sentencing Issues***

Daly claims he was improperly sentenced as a career offender under the federal sentencing guidelines. He is correct.

The version of U.S.S.G. § 4B1.1 in effect when Daly was sentenced provided in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of convic-

tion is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense....

U.S.S.G. § 4B1.1 (Nov. 1990). The guidelines define a "crime of violence" as an offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) ... involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1) (Nov. 1990).

The indictment against Daly charged him with violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, and § 924(e)(1), being an armed career criminal. 18 U.S.C. § 924(e)(1) is not a separate offense. It provides for enhanced penalties "[i]n the case of a person who violates [18 U.S.C. § ] 922(g) ... and has three previous convictions ... for a violent felony or a serious drug offense, or both...."

As we recently held, the charged offense of being a felon in possession of a firearm is not a crime of violence for the purposes of the career offender adjustment because it "does not have as an element the actual, attempted or threatened use of violence nor does the actual conduct it charges involve a serious potential risk of physical injury to another." *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir.1992). *Sahakian* requires that the sentence be vacated.

■ The only other sentencing issue we need address is the propriety of the district court's denial of the two-point acceptance of responsibility reduction available under U.S.S.G. § 3E1.1. We review the district court's ruling for clear error. *See United States v. Johnson*, 953 F.2d 1167, 1174 (9th Cir.1992).

■ The district court adopted the conclusions of the presentence report, which recommended Daly be denied the reduction because he showed no remorse for his actions. It is not clearly erroneous to deny the reduction if the defendant admits he committed the criminal behavior but does not exhibit sincere remorse or contrition for having done so. *See id.* at 1172–73 & n. 12. Daly argues he showed no remorse because he could not discuss criminal behavior of which he was yet to be convicted. However, the reduction was not denied because Daly refused to discuss uncharged behavior but because he did not exhibit remorse for the conduct for which he was convicted. *See* Presentence Report at 9.

## C. *Ineffective Assistance of Counsel*

Daly contends that trial counsel's assistance was ineffective because counsel: (1) stipulated to an error-filled pre-sentencing report; (2) stipulated to Daly's classification as an armed career criminal; (3) failed to investigate Daly's prior convictions to determine whether they could by attacked as constitutionally infirm; (4) failed to clarify for the district court which version of the guidelines applied; and (5) failed to adequately communicate with Daly and provide him with necessary legal documents.

■ Claims of ineffective assistance of counsel may be raised on direct appeal when the record is sufficiently developed to permit the reviewing court to resolve the issue, *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir.1991), or when assistance is so inadequate that it obviously interferes with a defendant's Sixth Amendment right to counsel, *United States v. Rewald*, 889 F.2d 836, 859 (9th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990).

■ Claims of ineffective assistance, however, are more appropriately addressed in habeas corpus proceedings. *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir.1991). Habeas proceedings permit the defendant to develop a record of "what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* at 788–89 (quoting *United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988)).

The record is not sufficiently developed to enable us to review the effectiveness of counsel's assistance.

## D. *Exclusion of Minority Jurors*

 During *voir dire*, the government challenged two minority jurors, and Daly objected. After inquiring into the basis for the challenges, the court sustained them. The court's findings regarding intentional discrimination in selecting a jury will not be disturbed unless clearly erroneous. *Batson v. Kentucky*, 476 U.S. 79, 98 n. 21, 106 S.Ct. 1712, 1724 n. 21, 90 L.Ed.2d 69 (1986).

 The court's findings with respect to the challenged jurors were not clearly erroneous. One prospective juror was challenged because the prosecutor had difficulty understanding him. The district court also had difficulty understanding this juror.

The prosecutor challenged the second prospective juror because he appeared to be a loner. For example, this juror sat stone-faced when everyone else in the room laughed at a humorous situation. The prosecutor pointed out that a juror who is a loner may hamper the jury's ability to reach a unanimous verdict.

Even if Daly has established a prima facie case under *Batson*, the government rebutted by giving plausible, neutral reasons for its challenges. *United States v. Power*, 881 F.2d 733, 740 (9th Cir.1989).

The conviction is AFFIRMED. The sentence is VACATED and the matter RE-MANDED for resentencing without application of the career offender adjustment.[1]

---

**1.** The government's motion for permission to file supplemental authorities and argument is granted. We also grant Daly permission to file his "Responsive Supplemental Points and Authorities."