981 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique Romero ZARATE, Defendant-Appellant.
 No. 92-30026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1992.*
Decided Dec. 17, 1992.
 
 Before WALLACE, Chief Judge, and SKOPIL and Leavy, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Romero Zarate pleaded guilty to three counts of distribution of cocaine, 18 U.S.C. § 841(a)(1) (1988). He appeals his sentence, contending that the district court erred by (1) considering relevant conduct not proved by a preponderance of the evidence; and (2) denying him a reduction for acceptance of responsibility. He alternatively contends that he received ineffective assistance of counsel at sentencing. We affirm the sentence and decline to reach his claim of ineffective counsel.
 
 DISCUSSION
 1. Relevant Conduct
 
 3
 Sentencing Guideline § 1B1.3(a)(2) directs the sentencing court to calculate the base offense level for drug crimes on the basis of "all such acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." The court is thereby entitled to consider drug transactions that occurred as a part of the overall scheme even though charges relating to those transactions may have been dismissed. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc).
 
 
 4
 Zarate contends that the district court should not have sentenced him on the basis of certain alleged drug negotiations. He contends there was no proof that the drug negotiations took place. He failed to file objections, however, to the presentence report's findings or recommendations regarding those drug negotiations. Thus, there is a question whether Zarate waived his right to challenge the court's decision. See United States v. Caperell, 938 F.2d 975, 980 (9th Cir.1991). We need not resolve this question, however, because assuming that the issue was preserved for review, we agree with the district court that a preponderance of evidence shows that Zarate was involved in the additional drug negotiations.
 
 
 5
 Although the government agreed that it would not recommend whether Zarate should be sentencing for the alleged drug negotiations, it nevertheless reserved the right to provided all relevant information regarding the negotiations to the court. The court relied on the information supplied by the government and compiled by the probation officer, and found the rendition of facts in the presentence report to be credible and supportable. We agree and conclude that the government met its burden of proof by a preponderance of evidence. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc) (government must prove factors enhancing a sentence by a preponderance of the evidence).
 
 2. Acceptance of Responsibility
 
 6
 The Sentencing Guidelines provide that a district court may reduce a defendant's offense level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). Zarate failed to object to the presentence report's recommendation that he not receive the two point reduction. Again, there is an issue whether he waived his right to challenge the court's determination which we need not decide. Assuming the issue is reviewable, we reject Zarate's argument that he is entitled to the reduction.
 
 
 7
 A defendant who pleads guilty does not automatically receive the two level reduction. See United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992). In addition to admitting the criminal behavior, a defendant must exhibit sincere remorse or contrition for having committed the crimes. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). Here, Zarate would admit only to the three cocaine sales. He would not divulge where the drugs came from, how much he was paid, and whether others were involved in drug sales or negotiations. The record shows that Zarate did not exhibit remorse for the conduct for which he pleaded guilty.
 
 3. Ineffective Assistance of Counsel
 
 8
 Zarate contends for the first time on appeal that he received ineffective assistance of counsel during sentencing. Such a claim should be raised on direct appeal only when the record is sufficiently developed to permit us to resolve the issue. Daly, 974 F.2d at 1218. Zarate's claim should be brought in collateral proceedings such as habeas corpus, which will allow him "to develop a record of what counsel did, why it was done, and what, if any, prejudice resulted." Id. (internal quotation omitted). We decline to review on direct appeal Zarate's claim of ineffective assistance of counsel.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3