1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen BAKER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip L. CABAN, Defendant-Appellant.
 Nos. 92-10552, 92-10581.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1993 as to Baker.
Submitted May 6, 1993* as to Caban.
Decided July 15, 1993.
 
 Before GOODWIN, TANG and NOONAN, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 In a published opinion filed along with this memorandum, see slip op., Nos. 92-10552, 92-10581 (9th Cir. July __, 1993), this panel reversed the convictions of Stephen Baker and Philip L. Caban for bank robbery in violation of 18 U.S.C. Sec. 2113(a) because appellants' due process rights were violated when the government impermissibly commented in closing rebuttal argument on their post-Miranda silence. In addition, Baker challenged a number of district court rulings pertaining to the admissibility of certain incriminating statements he had made to the FBI. Because we remand for a new trial, this memorandum addresses these evidentiary issues.
 
 
 3
 I. The District Court's Reopening of Suppression Hearings
 
 
 4
 First, Baker argues that the district court erred when it reopened suppression hearings after jury selection was completed in order to clarify which statements Baker had made to FBI Agent Ferreira after his arrest were suppressed under the district court's April 29, 1992 order. At this reopened suppression hearing, the court, on its own motion and over Baker's objection, took additional testimony from Agent Ferreira which differed from his prior testimony.
 
 
 5
 Generally, we review a district court's decision to reconsider a suppression order at trial for an abuse of discretion. United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984), cert. denied, 471 U.S. 1019 (1985); see also United States v. Buffington, 815 F.2d 1292, 1298 (9th Cir.1987). The question here is slightly different because the district court was, in effect, clarifying its prior order rather than reconsidering it. Also, the court here heard additional testimony from Agent Ferreira; testimony that differed in material ways from his previous testimony to the court at the initial suppression hearing. We nevertheless conclude that the issue here is sufficiently analogous to Rabb and Buffington that the same abuse of discretion standard applies.[1]
 
 
 6
 1. The April 21, 1992 Hearing and April 29, 1992 Suppression Order
 
 
 7
 After his arrest and while in custody, Baker made a series of incriminating statements to the FBI. In response to Baker's motion to suppress those statements, the district court held a suppression hearing on April 21, 1992. At this hearing, the court heard testimony from FBI Agent Ferreira.
 
 
 8
 Ferreira testified that he was sitting in the FBI office when another agent asked him to watch over Baker, who was handcuffed in the FBI library. Ferreira testified that he did not know any information about the case at that time, and that while he was watching Baker, Baker made series of incriminating statements. Ferreira stated:
 
 
 9
 Mr. Baker started to make some statements. I don't recall the first one, but these statements--I immediately stopped him, and I said to him that, "If you do want to make a statement, I'll get my form and read you your rights, and from there I'll be happy to take a statement" from him. And he said that, "I prefer not to give you a statement."
 
 
 10
 Ferreira explained that Baker nonetheless continued to make statements and pose questions which incriminated him in the bank robbery. Ferreira explained that while Baker was making these statements, Ferreira partially read him his rights,[2] explaining that his statements could be used against him. Baker continually stated that he did not wish to make any statements, but still continued to ask questions of Ferreira. These questions included: (1) What sentence Baker could get for bank robbery, and (2) whether Baker's past criminal record would be considered by the judge; (3) whether use of a weapon would increase his sentence, and (4) if it mattered that Baker was not the one carrying the gun, or that the gun used was fake. Baker then made statements, including one that he did not want to cooperate because it would not affect the length of his incarceration, and that he had just purchased drugs and "shot up" that morning.
 
 
 11
 In its order dated April 29, 1992, the district court held:
 
 
 12
 With regard to the initial statements made by Baker to Ferreira at the FBI office, the court finds that the initial statements made by Baker are admissible and not the product of custodial interrogation as Agent Ferreira did not ask Baker any questions or otherwise engage in discourse with Baker such as would elicit an incriminating response.
 
 
 13
 However, the court finds that all statements made by Baker after Ferreira advised Baker that any statements he made could be used against him should be suppressed....
 
 
 14
 ... The court therefore grants Baker's motion to suppress all statements made at the FBI offices after Ferreira initially advised Baker that he should not make further statements.
 
 
 15
 On May 19, 1992, after jury selection and prior to opening statement, Baker requested that the court clarify which of Baker's statements were suppressed under the court's prior order. Baker argued that all of his statements to Ferreira should be suppressed, citing to Ferreira's testimony at the previous suppression hearing. The government argued that Baker's first two statements, regarding the sentence for bank robbery and whether the judge would consider his prior criminal record, were admissible. At Baker's request, the court agreed to review the transcripts of the prior hearing and to refresh its recollection of the Agent's testimony. At a hearing the next day, however, the court informed counsel that it believed that the transcript of the Agent's prior testimony was unclear and that the court had unfortunately lost its notes as to the first hearing.
 
 
 16
 Over Baker's objection, the court sua sponte determined it would reopen the suppression hearing to take further testimony from Ferreira as to what Baker's first statements were. The court then heard additional testimony from Agent Ferreira. This time, Ferreira testified that at the first hearing, he had not yet reviewed his report and therefore did not recall at that time what Baker's first statements were. After reviewing his report, however, Ferreira's recollection was refreshed that Baker first asked the questions about the sentence for bank robbery and his prior criminal record before Ferreira told him that if he wanted to make a statement, the Agent would read him his rights. The court then provided clarification that these first two statements were admissible under the court's April 29, 1992 order.
 
 
 17
 2. The District Court Did Not Abuse its Discretion
 
 
 18
 Baker argues that the court erred when it took additional testimony from Ferreira instead of relying solely upon transcripts of the first suppression hearing. Baker contends he was unfairly prejudiced when the court allowed Ferreira to, in effect, change his testimony and tailor it to the court's order so that some of Baker's incriminating statements could be introduced at trial.
 
 
 19
 The reconsideration of a suppression order "is permissible even at trial 'if the record reveals matters which indicate that the evidence was lawfully obtained.' " Buffington, 815 F.2d at 1298 (quoting Rabb, 752 F.2d at 1323). Here, the district court reopened suppression hearings at Baker's request in order to clarify which particular statements were excluded under the court's prior order and which statements were lawfully obtained. Both Rabb and Buffington provide that a district court does not abuse its discretion by reconsidering a prior suppression order to determine whether evidence was lawfully obtained so long as (1) there is no showing of prejudice to the defendants, and (2) there is no indication of purposeful delay by the government. See Buffington, 815 F.2d at 1298 ("Appellants present no showing that the procedure followed by the district court prejudiced them.... Nor is there any indication that the government acted merely to delay these proceedings."); Rabb, 752 F.2d at 1323 ("There is no indication in this record of purposeful delay by the government or prejudice to Rabb.").
 
 
 20
 There is no clear evidence in the record of "purposeful delay" by the government here.[3] Baker was prejudiced, however, when the district court allowed Agent Ferreira to modify his prior testimony. In the first hearing, Ferreira had testified that he could not remember Baker's first words, and that he "immediately" stopped and admonished him. At the reopened hearing (and with the benefit of the court's order that all statements prior to the first admonishment from Ferreira were admissible), Ferreira "clarified" his testimony by now stating that Baker's first two questions came before Ferreira's response.
 
 
 21
 Notwithstanding this potential prejudice to Baker, we conclude that the district court did not abuse its discretion. Upon cross-examination by defense counsel at the reopened hearing, Agent Ferreira explained that he was unclear at the first hearing because he had not yet reviewed his report of the events. He testified that with his recollection refreshed, he can say that Baker's first two questions came prior to Ferreira's initial incomplete Miranda warning. Ferreira's notes, and the agent's refreshed recollection with the benefit of those notes, constitute "matters which indicate that the evidence was lawfully obtained" that the district court permissibly could consider. Rabb, 752 F.2d at 1323. We therefore conclude that the district court did not abuse its discretion when it reopened suppression hearings and took additional testimony from Agent Ferreira in order to clarify the court's prior order.
 
 
 22
 II. Baker's Statement as to his Prior Criminal History.
 
 
 23
 Baker alternatively argues that the district court erred in denying his motion in limine to prohibit admission of the statement to Ferreira which referred to Baker's past criminal record. Baker contends that admission of the statement violated Federal Rule of Evidence 403 because, he argues, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.
 
 
 24
 The district court's evidentiary rulings relating to Rule 403 are reviewed for an abuse of discretion. United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir.1992) (citing United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989)). "In balancing probative value against possible prejudice, the court must consider the need for the particular evidence 'to prove a particular point.' " United States v. Morris, 827 F.2d 1348, 1350 (9th Cir.1987) (quoting United States v. Bailleaux, 685 F.2d 1105, 1112 (9th Cir.1982)), cert. denied, 484 U.S. 1017 (1988). The government introduced Baker's own statement "Is my prior record considered by the judge?" in order to prove identity; that Baker was one of the bank robbers. The statement is certainly probative because it tends to show Baker's consciousness of guilt. The government's need for the evidence is substantial here because none of the tellers could positively identify the defendants as the bank robbers because the robbers were masked. Therefore, the district court did not abuse its discretion in finding that any prejudice did not substantially outweigh the probative value of the evidence.
 
 
 25
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Whether the statements themselves were correctly admitted in part and suppressed in part, however, involves mixed questions of law and fact that are reviewable de novo. Rabb, 752 F.2d at 1324 (citing United States v. McConney, 728 F.2d 1195, 1119-1204 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984))
 
 
 [2]
 At no time, however, did Ferreira give Baker a full Miranda warning
 
 
 [3]
 It was Baker who moved the court for clarification of its prior order, and Baker can point to no specific facts supporting any governmental conspiracy or scheme to alter testimony and manipulate the court's initial order