29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell MERRITT, Defendant-Appellant.
 No. 94-10039.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russell Merritt appeals his sentence of five years' probation imposed following entry of a guilty plea to misdemeanor bank larceny in violation of 18 U.S.C. Sec. 2113(b). Merritt contends that the district court erred by denying a downward adjustment for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error the district court's finding that a defendant has not accepted responsibility for his offense. United States v. Lindholm, No. 92-50737, slip op. 4607, 4623 (9th Cir. May 5, 1994).
 
 
 4
 The Sentencing Guidelines provide for a two-level downward adjustment in the offense level if a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). "It is not clearly erroneous to deny the reduction if the defendant admits he committed the criminal behavior but does not exhibit sincere remorse or contrition for having done so." United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam). "[T]he defendant must carry the burden of demonstrating the acceptance of responsibility." United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994).
 
 
 5
 At the change of plea hearing and at sentencing, Merritt acknowledged that notarizing the signatures on the loan documents was wrong and apologized. He persisted, however, that the bank was not at risk to lose money and that straw buyers were not illegal. The district court found that Merritt "still [doesn't] seem to either appreciate or at least acknowledge that what [he] did is not an acceptable way of doing business" and denied the adjustment. Because Merritt equivocally admitted that he had broken the law, he did not demonstrate the degree of acceptance necessary to qualify for the adjustment. See Lindholm, slip op. at 4623 (denial of adjustment upheld when defendant attempted to fix blame on victims of his fraud and challenged whether he had fraudulent intent); United States v. Williams, 989 F.2d 1061, 1074 (9th Cir.1993) (defendant's equivocal acceptance showed insufficient contrition). There was no clear error.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3