26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco RODRIGUEZ-MARTINEZ, Defendant-Appellant.
 Nos. 91-10220, 93-15232.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Decided June 1, 1994.
As Amended July 25, 1994.
 
 Before: BOOCHEVER, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Rodriguez-Martinez ("Rodriguez") was convicted of possession with intent to distribute one kilogram of cocaine. Rodriguez appeals his conviction and the subsequent denial of his section 2255 motion.[1] 28 U.S.C. Sec. 2255. We affirm.
 
 
 3
 * Rodriguez contends that the government failed to provide him with informant Paul Kaufman's conviction record in a timely manner. A prosecutor must disclose Brady material only at a time when the disclosure remains of value to a defendant. United States v. Span, 970 F.2d 573, 583 (9th Cir.1992), cert. denied, 113 S.Ct. 1283 (1993). Rodriguez's attorney received Kaufman's conviction record before trial and was able to use this information to impeach Kaufman during direct examination. The disclosure was timely. Id.
 
 
 4
 Rodriguez also alleges that the government's disclosure was incomplete because the government did not produce a rap sheet containing Kaufman's arrest record. Kaufman's arrest record need not have been disclosed because arrests that do not result in convictions cannot be admitted as evidence, including for impeachment purposes. Fed.R.Evid. 608, 609; Medrano v. City of Los Angeles, 973 F.2d 1499, 1507 (9th Cir.1992), cert. denied, 113 S.Ct. 2415 (1993).
 
 
 5
 Finally, Rodriguez complains that the government did not accurately disclose payments to Kaufman. The record, however, is clear that the government did make a sufficient disclosure. Further, we are satisfied that an agent's testimony at the later section 2255 hearing did not contradict the government's disclosure.
 
 II
 
 6
 Rodriguez claims that the government violated a pretrial order by not disclosing Kaufman's prior bad acts. Since the pretrial order did not require this disclosure, there was no error.
 
 III
 
 7
 Rodriguez argues that it was plain error for the trial court to admit Hector Garcia's testimony that the government "had a file" on Rodriguez during its investigation of him. However, Garcia also testified that Rodriguez had not been the focus of any other Border Patrol or Drug Enforcement Agency ("DEA") investigation; and the jury heard other testimony that the DEA maintains a file on any individual that it investigates. Garcia's testimony thus suggested only that the government "had a file" on Rodriguez as part of its ongoing investigation.
 
 
 8
 Kaufman's testimony that Rodriguez had been involved in other drug transactions did not violate Federal Rule of Evidence 404(b). This testimony explained how and why Kaufman contacted and convinced Rodriguez to engage in a narcotics sale. As background information, it was properly admitted. United States v. Daly, 974 F.2d 1215, 1217 (9th Cir.1992).
 
 
 9
 Rodriguez complains that the district court erred by not giving a limiting instruction regarding his prior criminal conduct. Rodriguez did not ask for a limiting instruction, and the failure to give one was not plain error.
 
 IV
 
 10
 Rodriguez asserts that he should receive a new trial because he was denied the effective assistance of counsel.
 
 
 11
 * Rodriguez claims that his attorney failed to investigate Kaufman's background, alleging that additional impeaching evidence was available. Rodriguez's trial counsel testified that he believed that additional impeaching material was unnecessary. The record indicates that this decision was reasonable. Rodriguez also claims that his attorney did not impeach Kaufman sufficiently. Rodriguez's attorney impeached Kaufman with his prior convictions and his cooperation agreement. It was reasonable to believe that further impeachment was unnecessary.
 
 B
 
 12
 Rodriguez claims that his trial counsel failed to present Rodriguez's relatives as witnesses. Rodriguez's attorney had determined that these relatives' testimony, though potentially helpful, also was potentially harmful. His decision not to call these witnesses thus was objectively not unreasonable. See, e.g., Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992).
 
 C
 
 13
 Rodriguez contends that his attorney should have raised an entrapment defense. Rodriguez's counsel chose not to raise this defense because it would have permitted the government to introduce evidence of Rodriguez's prior criminal conduct. This strategic decision was not objectively unreasonable.
 
 D
 
 14
 Rodriguez claims that his attorney failed to object to testimony regarding his prior criminal conduct. Rodriguez's attorney chose not to object to this testimony because he believed that certain jurors would become suspicious of him. His tactical decision not to object or to seek a limiting instruction is not objectively unreasonable. United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir.1993). His apparent decision not to seek a mistrial also was not unreasonable given that he was responsible for eliciting much of the prior acts testimony.
 
 E
 
 15
 Rodriguez argues that his trial counsel should have filed a pretrial motion asserting that the government had engaged in overreaching or outrageous conduct. It is clear, however, that such motion would have failed because the government's conduct was not "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Garza-Juarez, 992 F.2d 896, 904 (9th Cir.1993) (quotation omitted), cert. denied, 114 S.Ct. 724 (1994).
 
 F
 
 16
 Rodriguez objects that his trial counsel did not submit voir dire questions or seek to voir dire jurors individually. However, the trial court took adequate steps to test for bias. Jurors answered a screening questionnaire, and the court questioned them extensively to probe for bias. It thus was reasonable to view additional voir dire as unnecessary. See Government of the Virgin Islands v. Bradshaw, 726 F.2d 115, 118 (3d Cir.), cert. denied, 469 U.S. 829 (1984).
 
 G
 
 17
 Rodriguez asserts that his trial counsel failed to point out that the government did not demonstrate that Rodriguez's fingerprints were on a bag of cocaine inside of a coconspirator's truck. Rodriguez's trial counsel appears to have believed that the fact that Rodriguez did not handle the bag of cocaine was insufficient to establish that he did not have dominion or control over it. He was correct. See United States v. Smith, 962 F.2d 923, 929 (9th Cir.1992).
 
 H
 
 18
 Rodriguez alleges that his trial counsel's mistakes amount to cumulative error. Rodriguez has not shown that his trial counsel committed error. Furthermore, the government's direct evidence of Rodriguez's active participation in a hand-to-hand drug deal was sufficiently overwhelming to overcome any cumulative error.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rodriguez also appeals his sentence. We address that issue separately in an opinion for publication filed concurrently with this disposition