35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mack Clarence COLQUITT, Julie Mae Lloyd, Defendants-Appellants.
 Nos. 93-30364, 93-30392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Sept. 15, 1994.
 
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Colquitt and Lloyd appeal their convictions and sentences for conspiracy to distribute, and distribution of, cocaine base. We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate the convictions and remand for a new trial.
 
 1. The Instructions
 
 3
 Defendants argue that instruction 19 inadequately instructed the jury on their public authority defense. We review de novo. United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990).
 
 
 4
 Because we reverse on other grounds, we need not rule on the adequacy of the district court's instruction. For guidance on retrial, however, we set forth our circuit authority on this issue. Under the public authority defense "if a jury found that a defendant committed the acts in violation of criminal statutes while acting as an agent for the law enforcement authority, or even if he held a mistaken, but reasonable, belief that he was so acting, then the jury would have to exonerate him." Mason, 902 F.2d at 1439-40 (emphasis added) (citing United States v. Lee, 589 F.2d 980, 986 (9th Cir.), cert. denied, 444 U.S. 969 (1979)).
 
 
 5
 United States v. Ramirez, 710 F.2d 535, 543 (9th Cir.1983), held that a jury instruction on intent was a sufficient instruction for the public authority defense. The government bears the burden of proving intent and if the jury believes the defense evidence it could not find the necessary intent. Id. at 543-44 (defendant convicted of conspiring to set up marijuana import ring while working as informant). Mason held that because the authority defense requires the defendants to admit "knowingly doing something contrary to law and intentionally doing something the law forbids," a proper instruction had to clarify that authority negated an otherwise well-established criminal intent. Mason, 902 F.2d at 1440-41 (drafting model authority instruction).
 
 
 6
 The instruction given was less explicit than the model drafted in Mason, 902 F.2d at 1440-41. If the same issue arises on retrial, the Mason instruction should be given, along with the instruction that the government bears the burden of establishing the element of intent beyond a reasonable doubt. Thus the jury will know that it can either accept Colquitt and Lloyd's showing of reasonable belief in governmental authority and acquit, or can disbelieve them and conclude that they were trying to use the TNET agreement as a golden shield from prosecution for private side-deals.
 
 2. Deputy Morrison's Testimony
 
 7
 Defendants argue that they should have been allowed to complete their examination of Deputy Morrison. Judge Tanner ruled that the testimony sought was irrelevant, time consuming, and harassing. He abused his discretion. United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir.1992).
 
 
 8
 The exclusion of Deputy Morrison's testimony during the defendants' case violated their right to rebut the government's evidence that they had the intent to illegally deal drugs. See United States v. Whitman, 771 F.2d 1348, 1351 (9th Cir.1985) (once government presented motive evidence, defendant had right to rebut it); United States v. Thomas, No. 92-10456, Slip Op. at 9014-16 (9th Cir. August 9, 1994) (defendant impermissibly and prejudicially prevented from presenting evidence relevant to intent); Washington v. Texas, 388 U.S. 14, 19 (1967) (fundamental element of due process is accused right to present his own witnesses to establish a defense). If believed, their authority defense would have prevented a finding of the necessary intent. Ramirez, 710 F.2d at 543-44.
 
 
 9
 As the lead agent in charge of supervising defendants, Morrison's testimony was relevant to whether defendants could reasonably have believed they had authority to deal. Fed.R.Evid. 401. The questions posed when her testimony was cut-off related directly to defendants' claim that they were selling cocaine to Collins to set up a methamphetamine bust. The ruling prevented not only an answer to the "Barter for dope" question, but any further testimony by Morrison about her relationship with defendants.
 
 
 10
 The court also found that the testimony was time consuming and harassing. But this could not outweigh the probative value of Morrison's testimony. Fed.R.Evid. 403. Although the evidence supporting defendants' public authority defense was not strong, we cannot find the error harmless because Morrison's testimony was critical to any chance they had to prevail.
 
 3. Colquitt's Prior Cocaine Sales
 
 11
 Reginald Coleman testified that 20-25 times in June and July of 1991 he purchased small quantities of cocaine from Colquitt. We review for abuse of discretion both the admission of other crimes or bad acts evidence under Rule 404(b), and Rule 403 probative value-prejudicial effect balancing analysis. United States v. Khan, 993 F.2d 1368, 1376 (9th Cir.1993).
 
 
 12
 The court did not abuse its discretion. The sales to Coleman were material to whether Colquitt was acting with public authority, occurred during Colquitt's work for TNET, were similar to the charged crimes, and were supported by Coleman's testimony. Fed.R.Evid. 404(b); United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994). And any resulting prejudice did not outweigh the relevance of this highly probative evidence. Fed.R.Evid. 403.
 
 
 13
 Because the convictions are overturned we need not reach the sentencing issues.
 
 
 14
 VACATED and REMANDED for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3