122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry MOLINA, Defendant-Appellant.
 No. 96-10433.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the District of Arizona William D. Browning, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry Molina appeals his sentence imposed following his guilty plea to conspiracy to possess with the intent to distribute and possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) on the basis on ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Ordinarily, a plea of ineffective assistance of counsel should be brought in a collateral proceeding under 28 U.S.C. § 2255 because the appellate record often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. QuinteroBarraza, 78 F.3d 1344, 1347 (9th Cir.1995) (citation and internal quotations omitted), cert. denied, 117 S.Ct. 135 (1996). We will, however, review an ineffective assistance of counsel claim on direct appeal if the record is sufficiently complete to permit resolution of the claim or if the assistance of counsel is so inadequate that it obviously denies the defendant's Sixth Amendment right to counsel. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam) (citations omitted).
 
 
 4
 Here, Molina contends that his counsel was ineffective because he failed to: (1) obtain an interpreter for attorneyclient communications; (2) investigate or challenge inconsistencies in the presentence report; (3) argue that Molina was eligible for an exception to the mandatory minimum sentence pursuant to 18 U.S.C. § 3553; and (4) identify authority and present evidence regarding departure based on Molina's age and health. Because the record here is not sufficiently developed to permit review of Molina's claim of ineffective assistance of counsel, we do not reach the merits of his claim. See Daly, 974 F.2d at 1218.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3