141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
James Bradley SPAAN, Defendant-Appellant.
 No. 96-50654.
D.C. No. CR-96-00440-CBM.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Bradley Spaan appeals pro se his 46-month sentence following his guilty plea to being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Search of Residence
 
 3
 Spaan contends the district court erred by denying his motion to suppress evidence. This contention lacks merit because Spaan consented to the officers entry into his residence.
 
 
 4
 Spaan's consent to the officers entry into his residence was voluntary. The officers' declarations and testimony at the suppression hearing established that when one officer asked if he could enter Spaan's house, Spaan answered, "Yeah, I got no drugs in here," and stepped aside to allow the officer access to his residence. Additionally, the officers neither had their guns drawn nor did they make any threats. Spaan testified that the officers forced their way into his house, but the district court found the officers' testimony more credible than Spaan's testimony. Once inside the house the officers seized evidence that was in plain view. See United States v. Torres-Sanchez, 83 F.3d 1123, 1129-30 (9th Cir.1996) (stating that the voluntariness of consent is a question of fact to be determined from the totality of the circumstances). Accordingly, the district court did not clearly err by denying Spaan's suppression motion. See United States v. Nohara, 3 F.3d 1239, 1243 (9th Cir.1993) (stating that the seizure of evidence in plain view is valid if the officer lawfully entered the place where the evidence was seized).
 
 Government Misconduct
 
 5
 Spaan contends that the LAPD, ATF, and federal prosecutors engaged in activities that constitute government misconduct. We need not reach the government misconduct issue because Spaan failed to raise it before the district court and none of the exceptions to this rule apply. See United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983).
 
 Ineffective Assistance of Counsel
 
 6
 We do not reach the merits of Spaan's ineffective assistance of counsel claims because the record on appeal is not sufficiently developed to permit review. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam).[1]
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Spaan's motion for judicial notice and submission of exhibits is construed as a motion to supplement the record. The motion is denied because Spaan failed to cite any "extraordinary circumstances" that would warrant supplementing the record. See Barilla v. Ervin, 886 F.2d 1514, 1521 n. 7 (9th Cir.1989)
 
 
 [2]
 Spaan's conditional guilty plea reserved the right to appeal an illegal sentence and the district court's denial of his suppression motion. We do not reach the merits of Spaan's invalid arrest claims because they are not properly before the court