UNITED STATES of America, Plaintiff—Appellee,

v.

Antonio MURO LAMAS, Defendant— Appellant.

No. 02–30340.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2003.*

Decided Oct. 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, KOZINSKI, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Antonio Muro Lamas pled guilty to one count of distribution of methamphetamine and was sentenced to a ninety-three month prison term. He challenges his plea and sentence on multiple grounds.

The district's court finding that Lamas did not show a fair and just reason to withdraw his guilty plea was not an abuse of discretion. *See United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003) (holding that a district court has discretion to deny the withdrawal of a plea).

** This disposition is not appropriate for publication and may not be cited to or by the

■ The plea proceeding in this case did not violate former Federal Rule of Criminal Procedure 11(e)(1) or 11(f). The required factual basis for the plea was articulated and Lamas confirmed that he committed the acts of his own free and voluntary will. The district court's statements regarding the benefit to Lamas of signing a waiver of indictment before proceeding with entry of the plea did not constitute participation in the plea hearing. We also note that Lamas' counsel stated that "the record on its face I think comports with the requirements of the law, and the appropriate questions were asked of him."

■ The record is not sufficiently developed for us to address Lamas' ineffective assistance of counsel claim on direct appeal. *See United States v. Daly*, 974 F.2d 1215, 1218 (9th Cir.1992) (holding that where the record regarding ineffective assistance of counsel is not well developed, claims "are more appropriately addressed in habeas corpus proceedings").

The district court's finding that Lamas did not qualify for a minor role downward sentencing departure was not clearly erroneous. The record does not support Lamas' contention that the district court relied on his previous conviction for drug possession in refusing to grant him minor role status.

■ Lamas' claim that the district court erred by not granting him a downward departure for the time he spent in state custody is also not persuasive. The district court was not required to grant him a departure for the time served in state custody and did not abuse its discretion in declining to do so.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court's conclusion that Lamas was under a criminal justice sentence at the time he committed the instant offense was consistent with the presentence report, which Lamas did not contest and which reflected that he absconded multiple times while still on supervised release. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000) (holding that the district court may rely on evidence in the presentence report).[1]

**AFFIRMED.**

1. The government's motion for judicial notice is denied as moot.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.