**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Garron GREEN, Defendant—Appellant.**

**No. 03–10685.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Dec. 28, 2004.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

Darin Lahood, AUSA, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

MEMORANDUM **

Garron Green appeals his conviction on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. *See* 18 U.S.C.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 922(g)(1). The facts are known to the parties and need not be recounted here.

## I

Green argues that his conviction must be reversed because the Assistant United States Attorney ("AUSA") who tried the case improperly vouched for the credibility of government witnesses during closing arguments, while also denigrating Green's credibility.

"As a general rule, a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of government witnesses." *United States v. Molina*, 934 F.2d 1440, 1444 (9th Cir.1991). "Whether the witnesses have testified truthfully ... is entirely for the jury to determine; it is improper to communicate that a credibility determination has been made by the AUSA, law enforcement agents, or the court, or that the government knows whether the witness is being truthful and stands behind the veracity of the witness's testimony." *United States v. Ortiz*, 362 F.3d 1274, 1279 (9th Cir.2004).

Here, the AUSA interspersed the following assertions throughout his closing argument:

> "I believe [Gloria Green] was credible what she got up there and said...."
> "I don't think [Vincent Acosta] was truthful up here on the stand...."
> "I don't believe [Garron Green] was bein' truthful at all. At all. I found his credibility lacking completely.... I don't believe he was truthful at all...."
> "You heard [Officer Deering's] testimony. He's gonna risk his job, risk his pension, risk his career for perjury, to come in here and lie? ..."

These statements constitute improper vouching because the AUSA "deliberately introduced into the case his personal opinion of the witnesses' credibility." *United*

*States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir.1992). By so doing, the AUSA usurped the jury's role of evaluating credibility and "ignored his special obligation to avoid improper suggestions and insinuations." *Id.*

The government seeks to excuse the AUSA's impermissible statements on the ground that they were "invited" by the defense's attempts to impeach the prosecution's witnesses. We have held, however, that attacks on the credibility of prosecution witnesses are "legitimate tools of advocacy and [do] not, standing alone, justify such a response." *Id.*

Although Green failed to object at trial to the AUSA's vouching, this prosecutorial misconduct rises to the level of plain error. Indeed, vouching is especially problematic in cases-such as this-where the witnesses' credibility is crucial. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993); *see also id.* at 1278 (in plain error review, the court "balance[s] the seriousness of the vouching against the ... closeness of the case"). Green was not in physical possession of the rifle or ammunition at the time of his arrest, and the case's outcome therefore hinged upon whether the jury found the prosecution's witnesses, or those presented by the defense, to be more credible. The AUSA improperly tipped the scales in favor of the prosecution by repeatedly offering his personal opinion of the witnesses' credibility.

## II

Because the prosecutor's improper vouching necessitates reversal, we need not address the other purported errors raised by Green.[1]

REVERSED.

BEA, Circuit Judge, Concurring.

I separately concur to state that I would also reverse on the grounds that the district court: (1) abused its discretion in

---

1. Green's Motion for Leave to Expand the Record is denied.

admitting evidence of the domestic dispute which preceded the arrest; (2) committed plain error in admitting the daughter's written statement; and (3) abused its discretion in admitting the tape recording of the wrife's 911 call.

First, testimony regarding the domestic dispute was more prejudicial that probative and should have been excluded under FED.R.EVID. 403. In general, courts will allow the prsecution to present evidence of "other acts" where such evidence is "inextricably intertwined" with the offense. *See, e.g., United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1012 (9th Cir.1995); *see also United States v. Daly,* 974 F.2d 1215, 1216 (9th Cir.1992) (prosecutor may introduce evidence of defendant's participation in a "shootout" to prove "possession" element). Moreover, courts will generally allow a prosecutor latitude to present a "coherent and comprehensible story" to the jury. *See Vizcarra-Martinez,* 66 F.3d at 1012. Here, however, detailed testimony regarding the domestic dispute was not "necessary" to present a "coherent and comprehensible story." Rather, the domestic dispute had nothing to do with possession of the ammunition, except to explain why the wife hid the five .22 rounds by taping them under a bathroom shelf. Accordingly, the district court abused its discretion in allowing testimony regarding the domestic dispute.

Second, the admission of the daugher's written statement was plain, unvarnished hearsay. There is note even a colorable exception to the hearsay rule, and if there were, there is no foundational testimony that the daughter was unavailable to testify. Under *Johnson v. United States,* 520 U.S. 461 (1997), the admission of such statemnt was plain error.

Finally, as with the daughter's written statement, the admission of the tape recording is plain inadmissible hearsay, and

the district court's admission of this evidence was an abuse of discretion.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.