FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EDWARD J. PEREZ,<br><br>Defendant - Appellant. | No. 09-10096<br><br>D.C. No. 2:08-CR-00026-JCM-RJJ<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 10, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Edward J. Perez appeals his conviction for felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1), claiming the trial court deprived him of his right to a fair trial and due process when it admitted testimony describing his flight

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

from the police and resistance to arrest.  We affirm.  Because the parties are familiar with the facts and procedural history, we will not recount them here.

Perez's claims, as his sole issue raised on appeal, that the testimony detailing his flight from the police and resistance to arrest was so prejudicial that it should have been excluded under Federal Rule of Evidence 403, and that the admission of such evidence constitutes reversible error.  Rule 403 allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.  This panel reviews the district court's decision to admit evidence under Rule 403 for abuse of discretion.  *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc).  The district court need not recite the Rule 403 test when deciding whether to admit evidence.  *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992).

However, when the appealing party fails to object to the admission of such evidence at trial, this panel reviews for plain error.  *United States v. Thompson*, 82 F.3d 849, 854–55 (9th Cir. 1996).  Under the plain error standard of review, this panel will not grant relief unless there has been (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceeding.  *See United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004).  A judgment affects substantial rights when it

"'affect[s] the outcome of the District Court proceedings.'" *United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999) (quoting *United States v. Lussier*, 128 F.3d 1312, 1317 (9th Cir. 1997)). Both parties agree that Perez did not object to the admission of this evidence at trial.

Perez's argument on appeal fails because (1) the district court did not err—and, if it did, certainly any error was far from plain—in its admission of the testimony; and (2) even if there were plain error, it did not affect Perez's substantial rights.

1. If Perez wanted to object to the use of his flight as evidence of guilt, he should have objected to any instructions that may have allowed the jury to infer guilt from flight. He has raised no such argument on appeal. Perez instead objects to admission of the evidence of flight *qua* admission. But it would have been difficult if not impossible for the jury to understand how the police officers discovered that Perez was carrying a firearm without narrating the events that led to that discovery. For that reason, we do not think the district court abused its discretion in concluding that the probative value of the officers' testimony outweighed any prejudice that flowed solely from the testimony itself.

2. Nevertheless, even had such an error occurred, it would not have affected Perez's substantial rights, because the admission of the evidence did not affect the

outcome of the trial. The evidence of Perez's guilt was overwhelming. Perez stipulated that he was a convicted felon and that the gun traveled in interstate commerce. The recovered gun magazine had his print on it. Even absent the contested testimony, the government offered detailed and credible testimony from two officers, whose testimony was consistent in describing the events. Both of these officers testified that they witnessed Perez reach in to his waistband and pull out a gun. In light of such testimony, evidence, and stipulations, we cannot find plain error.

Therefore, the conviction is

**AFFIRMED.**