**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10137 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00135-KJD-LRL-1 |
| v. | |
| STEPHEN LEE SELDON, M.D., | MEMORANDUM[*] |
| Defendant - Appellant, | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10150 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00135-KJD-LRL-2 |
| v. | |
| DEBORAH MARTINEZ SELDON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted June 15, 2010

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and GONZALEZ, Chief District Judge.[**]

Stephen Lee Seldon and Deborah Martinez Seldon appeal their jury convictions and sentences for mail fraud under 18 U.S.C. § 1341, aiding and abetting under 18 U.S.C. § 2, and misbranding a drug while held for sale under 21 U.S.C. §§ 331(k) and 333(a)(2). We affirm.

The warrant authorizing the search of defendants' anti-aging clinic did not violate the Fourth Amendment. The warrant specified that any search of seizable materials intermingled with non-seizable materials would be carried out by trained computer personnel and outlined detailed procedures "to avoid turning a limited search for particular information into a general search of office file systems and computer databases." *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 998 (9th Cir. 2009) (en banc). The warrant and its supporting materials were not invalid under our decision in *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982). Indeed, the warrant appears to have been specifically drafted to comply with *Tamura*'s requirements.

---

[**] The Honorable Irma E. Gonzalez, Chief United States District Judge for the Southern District of California, sitting by designation.

To the extent appellants challenge the search as going beyond the scope of the warrant, the district court did not plainly err in holding otherwise. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Moreover, only evidence within the scope of the warrant was used at appellants' trial. Where, as here, a warrant is valid on its face, the Fourth Amendment does not require that lawfully seized evidence be suppressed even where "the police unlawfully seize[] . . . items unconnected to the prosecution." *Waller v. Georgia*, 467 U.S. 39, 43 n.3 (1984); *see also Tamura*, 694 F.2d at 597.

We review the district court's admission of evidence relating to the so-called Florida Incident for plain error, *United States v. Khan*, 993 F.2d 1368, 1377 (9th Cir. 1993),[1] and find none. The Florida Incident was certainly relevant: it provided context for the government's investigation of Livdahl and, later, appellants, *see United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) ("A jury is entitled to know the circumstances and background of a criminal charge."), as well as critical background for testimony regarding appellants' "concealment . . . and related conduct [that we]re admissible as evidence of consciousness of guilt, and thus of

---

[1] Appellants did not object to this evidence until day five of trial, and even then only objected on relevance grounds. Appellants never mentioned Rule 403 or the danger of unfair prejudice, confusion, or misleading the jury. *See United States v. Tarazon*, 989 F.2d 1045, 1053 (9th Cir. 1993).

guilt itself." *Marcoux v. United States*, 405 F.2d 719, 721 (9th Cir. 1968) (quotation marks omitted); *see also United States v. Jaramillo-Suarez*, 950 F.2d 1378, 1384-85 (9th Cir. 1991). Moreover, the danger of unfair prejudice from testimony about the Florida Incident was minimized because the jury was repeatedly told that TRItox was not the substance involved. Finally, even if the district court erred in admitting evidence of the Florida Incident, it did not plainly err in doing so given the overwhelming evidence of guilt at appellants' trial. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999).

The district court refused to allow Stephen Seldon to testify that certain checks (1) made out to cash, (2) signed by Deborah Seldon, and (3) with blank "memo" lines, were used to purchase Botox unless he could first testify that he had personal knowledge of how each individual check was used. This did not violate appellants' Sixth Amendment rights, as the district court was simply applying the personal knowledge requirement of Federal Rule of Evidence 602. *See United States v. Perkins*, 937 F.2d 1397, 1401 (9th Cir. 1991) ("[I]n the exercise of th[e fundamental right to present a defense], the accused . . . must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." (quotation marks omitted)).

There was sufficient evidence to convict appellants of misbranding a drug while held for sale under 21 U.S.C. § 331(k). "The vendor's intent is the key element" of the definition of "drug" under § 331(k), and "[t]his intent may be derived or inferred from labeling, promotional material, advertising, or any other relevant source." *United States v. Storage Spaces Designated Nos. "8" & "49"*, 777 F.2d 1363, 1366 (9th Cir. 1985). Here, there was testimonial and documentary evidence that appellants represented that they were injecting genuine Botox into patients after October 13, 2003, and that appellants intended to use this substance for the therapeutic treatment of frown lines. A rational trier of fact could have concluded that this evidence established beyond a reasonable doubt that TRItox was a "drug" within the meaning of § 331(k).

Finally, the district court did not err in calculating appellants' range under the Sentencing Guidelines. The record of the sentencing hearing establishes that the district court did not rely on the jury with respect to amount of loss and number of victims, but in fact made its own findings with respect to these sentencing enhancements.

AFFIRMED.