41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee CASSIDY, Defendant-Appellant.
 No. 93-55497.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Nov. 7, 1994.
 
 1
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 1. In January 1990, Robert Lee Cassidy was convicted, after a guilty plea, of conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). On appeal to this court, his conviction was affirmed in March 1991. United States v. Cassidy, C.A. No. 90-50324. Cassidy also sought relief under 28 U.S.C. Sec. 2255, which was denied by the district court in November 1990. United States v. Cassidy, D.C.Civ. No. 90-1357-K. Cassidy filed his second Sec. 2255 petition in August 1992, and the district court denied it in February 1993. The appeal from that denial is now before us.
 
 
 4
 2. Cassidy fails to show cause for his failure to raise either at sentencing or on his direct appeal his present claims regarding the breach of the plea agreement. United States v. Frady, 456 U.S. 152, 168 (1982). While the panel in United States v. De la Fuente, 8 F.3d 1333, 1336 (9th Cir.1993), noted that Frady might not apply to breach of plea agreement claims, it held that the Sec. 2255 petitioner there in fact had met the Frady standard. Id. at 1337. Unlike the situation in De la Fuente, Cassidy does not show that ineffective assistance of counsel was the cause of his failure to challenge breach of the plea agreement on direct appeal. Further, while the Supreme Court reached the merits of a breach of plea claim raised for the first time on a Sec. 2255 motion in United States v. Benchimol, 471 U.S. 453 (1985), without referring to Frady, the Court stated in conclusion that "there was simply no default on the part of the Government in this case, to say nothing of a default remediable on collateral attack under 28 U.S.C. Sec. 2255...." Id. at 456-57.
 
 
 5
 3. In any event, there was no default on the part of the government in this case. While the parties disagree as to the meaning of the plea agreement, the sentencing court held the government to the promise that it could not prove Cassidy's participation in the cooking of methamphetamine on Labor Day 1988. See, e.g., GER at 70-71, 119. As a result, Cassidy was not implicated in the death of Ed Vander, and the methamphetamine produced at the Labor Day cook was not included in calculating his sentence.
 
 
 6
 4. The sentencing court did hold Cassidy responsible for one cook, GER at 122, but that conclusion was not necessarily based on evidence regarding the events on or around Labor Day 1988, and could reasonably have been based on the grand jury testimony of Fortenbacher and the testimony at sentencing of Agent Taylor.
 
 
 7
 5. Cassidy shows no cause for his failure to raise on direct appeal his claims that the court violated subsections (c)(1) and (f) of Fed.R.Crim.P. 11 by not adequately confirming his understanding of the plea agreement and by not "making such inquiry as shall satisfy [the court] that there is a factual basis for the plea." He is barred from claiming now that lack of compliance with the Rule in these respects rendered his plea involuntary. United States v. Timmreck, 441 U.S. 780 (1979). Moreover, the record of the change of plea hearing indicates that the court sufficiently complied with both requirements. Just as the defendant in Timmreck did not contend that he was actually unaware of the special parole term in his sentence, so Cassidy does not contend that he was actually unaware of the nature of the conspiracy. As in Timmreck, " 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule.' " Id. at 785 (quoting Hill v. United States, 368 U.S. 424, 429 (1962)).
 
 
 8
 6. Cassidy's claim that the indictment against him should be dismissed due to prosecutorial misconduct is without merit. The government did not prejudicially mischaracterize Fortenbacher's statements either at sentencing or in its Sec. 2255 papers. To the extent that any of the government's statements may have been mischaracterizations, Cassidy has not shown that they were willful, nor that it is likely that they affected his sentence. While Cassidy seeks support for his argument from United States v. Kojayan, 8 F.3d 1315 (9th Cir.1993), that case is distinguishable. Unlike Kojayan, this is not a "close case," id. at 1323, and it is not a case in which the government deliberately lied and persisted in that lie on appeal.
 
 
 9
 7. Cassidy's claim that counsel's former employment as an Assistant U.S. Attorney created a conflict of interest presumptively causing ineffective assistance was not raised in the court below, and may not be raised for the first time in this court. United States v. Daly, 974 F.2d 1215 (9th Cir.1992). As in Daly, the failure to develop a factual record below precludes this court from addressing the conflict of interest issue.
 
 
 10
 8. We have considered each of Cassidy's particular claims of ineffective assistance of counsel. The alleged deficiencies are either not borne out by the record or caused Cassidy no prejudice.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3