119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis James JACKSON, Defendant-Appellant.
 No. 96-50055.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Curtis James Jackson appeals his jury conviction and sentence for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to Anders v. California, 386 U.S. 738 (1967), Jackson's counsel filed a brief stating that he finds no meritorious issues for review, and a motion to withdraw as counsel of record.
 
 
 3
 Counsel identified three possible issues for review: (1) did Jackson receive ineffective assistance of counsel, (2) did the district court abuse its discretion by limiting the scope of cross-examination, and (3) did the district court err by not ruling sua sponte that the search warrant was unsupported by probable cause.
 
 
 4
 First, the record is not sufficiently developed to allow resolution of Jackson's ineffective assistance of counsel claims. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam) (ineffective assistance of counsel claims are not addressed on direct appeal unless the record is sufficiently developed to allow resolution of the issues, or unless assistance is so obviously inadequate as to violate a defendant's right to counsel). Second, the district court did not limit the scope of cross-examination. Rather, it admonished counsel to avoid needless consumption of time and that cross-examination was limited to the subject matter of the direct examination and matters affecting credibility. See United States v. Dudden, 65 F.3d 1461, 1469 (9th Cir.1995); Fed.R.Evid. 611(b). Third, the district court did not err by failing to rule sua sponte that the search warrant was unsupported by probable cause because nothing in the record suggests that the information was either stale or unreliable. See United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986).
 
 
 5
 However, our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), reveals that due to an apparent inadvertence the judgment includes a conviction for using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). During the sentencing hearing, the district court held that the conviction did not meet the requirements for the imposition of the sentence under Bailey v. United States, 116 S.Ct. 501 (1995). Accordingly, the judgment must be VACATED and REMANDED with instructions to correct the judgment of conviction. We affirm Jackson's sentence and conviction in all other respects. The motion of counsel to withdraw is GRANTED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3