**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Socorro LOYA–CHAVEZ,**
**Defendant–Appellant.**

No. 99–10583.

D.C. No. CR–98–00133–1–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided Feb. 8, 2001.

Before SCHROEDER, Chief Judge, NOONAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM[1]

Appellant Loya–Chavez appeals his conviction for conspiracy to distribute methamphetamine, 21 U.S.C. § 846, possession with the intent to distribute, 21 U.S.C. § 841(a)(1), and aiding and abetting in distribution, 18 U.S.C. § 2, resulting in a sentence of 360 months in custody, followed by ten years of supervised release. Loya–Chavez claims that certain co-conspirator hearsay statements were improperly admitted, and that certain other hearsay statements were improperly excluded. Loya–Chavez also claims in supplemental briefing that the district court committed an error in sentencing under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Finally, we do not reach Loya–Chavez' claim of ineffective assistance of counsel.

### 1. Admitted hearsay statements

■ A co-conspirator's statement is admissible against a defendant under the Federal Rules of Evidence if "a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman,* 215 F.3d 951, 960–61 (9th Cir.2000); *see* Fed.R.Evid. 801(d)(2)(E). A district court's decision to admit a co-conspirator's statement is reviewed for abuse of discretion. *United States v. Gil,* 58 F.3d 1414, 1419 (9th Cir.1995).

■ The district court did not err in admitting statements by co-conspirator Patel identifying Loya–Chavez as his supplier. There was sufficient basis for the district court to conclude that the statements were made in furtherance of a conspiracy between Patel and Loya–Chavez, even though Patel's statements indicated that Loya–Chavez, his supplier of significant quantities of methamphetamine, was temporarily unavailable as a source. Two weeks after the statements, Loya–Chavez participated with Patel in the sale of a significant quantity of methamphetamine to the undercover agent to whom the statements had been made.

### 2. Excluded hearsay statements

■ Loya–Chavez sought to have admitted, rather than excluded, hearsay statements made by Patel as statements against penal interest. Exclusion of hearsay evidence by the district court is reviewed for abuse of discretion. *United States v. Matta–Ballesteros,* 71 F.3d 754, 767 (9th Cir.1995), amended 98 F.3d 1100 (9th Cir.1996). Under Federal Rule of Evidence 804(b)(3), statements against penal interest are admissible only when the declarant is not available as a witness. Loya–Chavez does not argue that Patel was unavailable to testify.

### 3. *Apprendi* error

Between submission of supplemental briefing and oral argument in this case, we held in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000), that the Supreme Court in *Apprendi* did not overrule its earlier decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Our holding in *Pacheco–Zepeda* disposes of Loya–Chavez' claim under *Apprendi.*

### 4. Ineffective Assistance

We decline to address on direct appeal Loya–Chavez's claim that trial counsel rendered ineffective assistance. Such claims are more appropriately pursued on

---

collateral review in a 28 U.S.C. § 2255 motion. *See United States v. Daly,* 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.