GRABER, Circuit Judge,
with whom TASHIMA, Circuit Judge, joins,
concurring:
I concur fully in the majority opinion. The district court failed to explain adequately its reasons for admitting the expert testimony, and the error was not harmless. Accordingly, the judgment cannot stand.
I write separately, however, to express my disagreement with the rule that, pursuant to Mukhtar v. California State University, 299 F.3d 1053 (9th Cir.2002), amended by 319 F.3d 1073 (9th Cir.2003) (order), we must vacate the judgment and remand for a new trial. On remand, the district court dutifully will make a new Daubert determination. If the court finds that the expert testimony is, indeed, reliable, what purpose is served by empaneling a new jury and conducting another lengthy trial the outcome of which likely will be identical to the one already concluded? Mukhtar answers that query by holding that we cannot trust a district court not to succumb to “post-hoc rationalization.” 319 F.3d at 1074. But we routinely trust district courts to reassess their earlier judgments in matters of more consequence than disputes over money. See, e.g., United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc). Regardless, I do not share Mukhtar’s lack of faith in our district courts.
Were it not for Mukhtar, I would conditionally vacate the judgment and remand to the district court with instructions to make a new Daubert determination. If the expert testimony is reliable, then the original judgment should be re-entered. If the expert testimony is not reliable, then the court should preside over a new trial. See Mukhtar, 319 F.3d at 1077 (Reinhardt, J., dissenting from denial of reh’g en banc).