**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50194 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04377-JLS-1 |
| v. | |
| NELSON OSWALDO CAMPOS-NUNEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

Before: BERZON and CLIFTON, Circuit Judges, and ROSENTHAL, District
Judge.**

Nelson Oswaldo Campos-Nunez appeals from his conviction of importation

of approximately 123.6 pounds of marijuana in violation of §§ 21 U.S.C. 952, 960.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for the Southern District of Texas, sitting by designation.

Campos-Nunez contends that the district court erred in 1) permitting auto mechanic Ross Butler to testify as an expert as to the probable effects of the marijuana-filled containers in the tires on the car's operability; 2) allowing the prosecution to assert in closing arguments that Campos-Nunez had been "recruited" by a "drug organization"; and 3) admitting Officer Hernandez's demeanor testimony.

**1.** The district court abused its discretion in admitting Butler's expert testimony without making the requisite findings of reliability under Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993). The district court's conclusory statement following voir dire that "[h]e will be accepted by this court as an expert" was devoid of any explicit assessment of the witness's expertise. While a district court has discretion in how it determines reliability and need not always hold a pretrial hearing, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), it must "make *some* kind of reliability determination to fulfill its gatekeeping function." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003) (order), *overruled in part on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th. Cir. 2014).

The erroneous admission of Butler's testimony requires a new trial unless this Court finds the error harmless. *Estate of Barabin*, 740 F.3d at 467. In making the harmlessness determination, we may look to the record and, if sufficient, decide whether the testimony would have been admissible at trial. *See id.* We decline to hold the testimony harmless on this basis, as we find the record insufficient to support a finding that Butler was an expert on all matters to which he testified. It is not clear from the record how, for example, he knew that the marijuana-filled containers in the tires would create an "identifiable shake" to the car at speeds "approximately 30 miles an hour and above," or how he knew that driving at highway speeds would "blow the tire out." Butler does not do tire repair work; he does not have a degree in mechanical engineering; and he has no certification from a tire design or manufacturing company such as Goodyear or Michelin. Although he has diagnosed and repaired tire problems in the past, his testimony failed to establish "how that experience leads to the conclusion reached." FED. R. EVID. 702 advisory committee's notes.

We nevertheless do hold the admission of Butler's testimony harmless. His statements were largely corroborated by the testimony of Officer Blanchette, who described the shaking and bumping effects he experienced while driving the car, and that the effects increased at greater speed. Although Butler's testimony went

3

further than Blanchette's in suggesting that the tires would fail at highway speeds, the tires did not in fact fail. So the important point for the jury was that anyone driving the car would have noticed something awry. As to that point, there was direct evidence, so the expert testimony was redundant. We conclude that admission of Butler's testimony more likely than not did not affect the outcome of the trial. *See Estate of Barabin*, 740 F.3d at 465.

**2.** The government's statements in closing arguments that Campos-Nunez was "recruited" by a "drug organization" did not amount to prosecutorial misconduct. Although the government had stipulated that it would not introduce any "unknowing courier" or structure evidence, "[l]awyers are supposed to invite the jury to infer things from the evidence." *United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993). The inference that someone had recruited Campos-Nunez to transport the drugs, and that there was an organization rather than a single individual behind the smuggling of a large amount of marijuana in specially constructed tire compartments, was consistent with the evidence and not unduly speculative. Because the contested statements presented no information the jury did not already possess and suggested permissible inferences, there was no misconduct that is "likely to have affected the jury's discharge of its duty to judge

4

the evidence fairly." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990); *see also Hein v. Sullivan*, 601. F.3d 897, 914 (9th Cir. 2010).[1]

**3.** The district court did not abuse its discretion in admitting Officer Hernandez's demeanor testimony. A different court might reasonably have determined that the officer's perceptions that Campos-Nunez looked "defeatist" and "like he had been caught" were not sufficiently helpful to satisfy Rule 701 (even an innocent person might look "defeatist" upon arrest), or that these statements were excludable under Rule 403 as more prejudicial than probative. Nevertheless, a trial court is afforded significant discretion in determining the admissibility of lay opinion testimony. *United States v. Fleishman*, 684 F.2d 1329, 1335 (9th Cir. 1982), *abrogated on other grounds by United States v. Ibarra-Alcarez*, 830 F.2d 968 (9th Cir. 1987). It was not unreasonable in this case for the district court to find the statements helpful in describing Officer Hernandez's observations and to permit them to come before the jury.

**AFFIRMED.**

---

[1]Campos-Nunez argues that the statements are particularly problematic coming from a prosecutor from the Southern District of California, whom the jury might perceive as an expert in drug trafficking schemes. There may be some truth to this concern, but we conclude that the prosecutor's statements did not amount to "personal assurances" and did not stray past the bounds of permissible conduct. *United States v. Weatherspoon*, 410 F.3d 1142, 1146.