NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50195 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02084-AJB-1 |
| v. | |
| ISRAEL NAVA-ARELLANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 3, 2013[**]
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Israel Nava-Arellano appeals his conviction and sentence imposed for felony

illegal entry following a prior illegal entry in violation of 8 U.S.C. § 1325. He

appeals his conviction and sentence. We have jurisdiction under 18 U.S.C. § 3742

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we need not recount them here.

I

The district court did not abuse its discretion by excluding Nava-Arellano's proffered documents under Federal Rule of Evidence 403. First, the district court did not legally err by failing to expressly acknowledge that evidence is excluded under Rule 403 only if the dangers "substantially outweigh" the probative value of the evidence. *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) ("The district court need not recite the Rule 403 test when balancing the probative value of evidence.").

Second, the record supports the district court's determination that the probative value of the proffered evidence was substantially outweighed by the potential for confusion and undue delay. The documents—eight pages of website printouts concerning the U.S. government's general capability to conduct surveillance of the U.S.-Mexico border using unmanned aircraft—had almost no probative value with regard to whether a surveillance aircraft actually observed Nava-Arellano continuously from the moment he crossed the border until the moment he was apprehended. Where evidence has marginal probative value, even a modest risk of undue delay or confusion will justify excluding the evidence under

Rule 403. *United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011). The district court's decision to exclude the website printouts was not "beyond the pale of reasonable justification under the circumstances." *Id.* at 1189.

Nor did the exclusion amount to a violation of Nava-Arellano's fundamental right to present a defense. In fact, the district court expressly left the door open for Nava-Arellano to present other evidence to justify an official restraint jury instruction, and it even encouraged the government to ask its witnesses whether Nava-Arellano had been observed by unmanned aircraft or other surveillance assets. *See United States v. Castellanos-Garcia*, 270 F.3d 773, 777 (9th Cir. 2001) (finding that the district court did not preclude the defendant from presenting evidence to support official restraint when the district suggested that the defendant "ask some other agent" about the government's use of other surveillance assets).

## II

The district court did not abuse its discretion in refusing to give an official restraint jury instruction. There was no evidence from which the jury could rationally infer that Nava-Arellano was under constant surveillance from the time he crossed the border to the time he was apprehended. The National Guardsmen who first spotted him testified that they did not see him cross the border, and that they lost his thermal image when thick fog rolled in. The Border Patrol agent who

apprehended Nava-Arellano testified that if surveillance drones or other advanced assets had been used, he would have noted them in his field report, which he did not. Therefore, during the thirty or forty minutes it took Border Patrol agents to locate and apprehend him, Nava-Arellano was outside the detection of government authorities. Nava-Arellano's speculation that there *could* have been surveillance by unmanned aircraft or other assets is not evidence. *Castellanos-Garcia*, 270 F.3d at 776.

III

The district court did not abuse its discretion by admitting, without Nava-Arellano's proposed limiting instructions, redacted documents showing his alienage, past removal, and prior convictions for illegal entry. The documents contained only the information necessary to establish the essential elements of the offense under 8 U.S.C. § 1325, so the proposed limiting instructions were neither necessary nor appropriate. Any prejudice resulting from the admission of evidence that Nava-Arellano had two prior illegal entry convictions, rather than just one, was not reversible error because it did not likely affect the jury's verdict. *United States v. Hinkson*, 585 F.3d 1247, 1282 (9th Cir. 2009) (en banc).

IV

The district court did not abuse its discretion by sentencing Nava-Arellano to the low end of the U.S. Sentencing Guidelines range and imposing one year of supervised release as an added deterrent. *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

**AFFIRMED.**